**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALVIN DAVIS,

    Petitioner,

v.

JEFFERY LARSON,

    Respondent.

Civil No. 2:13-CV-11303
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

_____/

# OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND GRANTING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Alvin Davis, ("Petitioner"), through his attorney Danien C. Woodson, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for unlawful imprisonment, M.C.L.A. § 750.349b, felonious assault, M.C.L.A. § 750.82, and possession of a firearm during the commission of a felony, M.C.L.A. § 750.227b.[1] For the reasons that follow, the petition for a writ of

---

[1] The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was discharged from his sentence on February 26, 2016, and is no longer in custody. The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook,* 490 U.S. 488, 490-91 (1989). Whether a petitioner is in custody for purposes of the habeas corpus statute is determined at the time that the petition is filed. *Sevier v. Turner,* 742 F.2d 262, 268 (6th Cir. 1984). Because petitioner was still serving his sentence at the time he filed his petition, he satisfies the "in custody"

habeas corpus is DENIED. [2]

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant was convicted of assaulting and unlawfully imprisoning Kristopher Delbridge on May 25, 2009, in Detroit. Defendant was acquitted of additional charges of unlawful imprisonment and felonious assault related to Kristopher's cousin, Keenan Delbridge, in connection with a separate incident that allegedly occurred on May 23, 2009. The prosecution's theory at trial was that defendant, a supervisory deportation agent with the Department of Homeland Security ("DHS"), used his position as a federal agent to unlawfully obtain information involving a theft at his mother's Detroit home on May 20, 2009. Evidence at trial indicated that as Kristopher Delbridge was leaving a neighborhood store, defendant exited his government-issued Chevy Tahoe SUV, approached Kristopher, drew his government-issued firearm, forced Kristopher to sit on the ground, and prohibited Kristopher from standing or leaving as he questioned him. During the episode, defendant demanded the location of the suspected thief. Kristopher denied any knowledge of the suspected thief's whereabouts,

---

requirement of §§ 2241(c)(3) and 2254(a), in spite of his subsequent discharge. Once federal jurisdiction has attached to a habeas petition in federal district court, "it is not defeated by the release of the petitioner prior to completion of proceedings" on his habeas application. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

[2] Respondent argues that petitioner's amended habeas petition should be rejected because petitioner failed to sign it. Although a district court may refuse to file, or may even dismiss, an unsigned and unverified petition for writ of habeas corpus, the defect is one that a district court may, if it sees fit, disregard. *Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir. 1990). The Court declines to dismiss the habeas petition on this basis.

but used his cell phone to call the suspected thief's mother, gave the phone to defendant, and defendant spoke to the mother. Unbeknownst to the parties, a portion of the episode was captured on the store's outside video surveillance camera. The defense asserted that defendant was verbally threatened when he approached Kristopher, prompting defendant to draw his firearm, but the threats were not apparent from the surveillance video because it did not contain any audio. The defense also argued that Kristopher and Keenan Delbridge were admitted marijuana users, that they were associated with a gang known as the East Jeff Boys, and that neither was a credible witness.

*People v. Davis*, No. 300426, 2012 WL 882244, at *1 (Mich. Ct. App. Mar. 15, 2012).

Petitioner's conviction was affirmed on direct appeal. *Id.*; *lv. den.* 492 Mich. 868, 819 N.W.2d 908 (2012).

Petitioner filed a petition for a writ of habeas corpus, which was held in abeyance so that petitioner could return to the state courts to exhaust his first claim. (Dkt. ## 1, 11).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Davis,* No. 09-029968-01 (Wayne Cty. Cir. Ct., April 7, 2016). The Michigan appellate courts denied petitioner leave to appeal. *People v. Davis,* No. 334445 (Mich. Ct. App. Oct. 19, 2016); *lv. den.* 501 Mich. 859, 900 N.W.2d 880 (2017).

The Court then reopened the case to the Court's active docket. (Dkt. # 13).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Prosecutor Trzcinski committed prosecutorial misconduct by presenting false evidence to the court during a pre-trial hearing. The court's ruling as a result of the testimony hindered Defendant's ability to testify.

3

II. The trial court's ruling consequently prevented the defendant/petitioner from testifying in his trial, which violated his Fifth, Sixth, and Fourteenth amendment rights.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent

4

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III.  Discussion

**A. Claim # 1.  The perjury claim.**

Petitioner alleges that the prosecutor committed misconduct by presenting false evidence during a pre-trial hearing which hindered his ability to testify at his trial.

Respondent submits that this claim is barred by the statute of limitations, due to petitioner's failure to sign the original and amended petitions within the AEDPA's statute of limitations period, as well as for petitioner's noncompliance

5

with the stay order by failing to return to the federal court within the specified time for doing so. Respondent also argues that the first claim is procedurally defaulted.

The statute of limitations does not constitute a jurisdictional bar to habeas review, thus, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition. *See Smith v. State of Ohio Dept. of Rehabilitation,* 463 F.3d 426, 429, n. 2 (6th Cir. 2006)(quoting *Trussell v. Bowersox,* 447 F.3d 588, 590 (8th Cir. 2006)). Simply put, this Court need not resolve the dispute over the timeliness of the petitioner's amended claims. Procedural default is likewise not a jurisdictional bar to review of the merits of an issue, *See Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). Application of a procedural bar would not affect the outcome of this case, and the Court deems it more efficient in this case to proceed directly to the merits.

Petitioner alleges that the prosecutor presented false evidence to the court during a pre-trial hearing which hindered his ability to testify at his trial. Petitioner contends that following a pre-trial hearing, the trial court ruled that the prosecution could not bring into evidence petitioner's improper use of his employment with Homeland Security to assist an immigrant to illegally enter the

6

country.  Petitioner was involved in sexual relationship with the woman who was assisting the man in his immigration case.  The court further ruled that the evidence would only be admissible in rebuttal to show inconsistent statements previously made by defendant in an attempt to cover up the sexual relationship, if petitioner chose to testify. (T. 2/18/2010, pp. 11-12).

Petitioner chose not to testify or call any witnesses.  As a result, the jury did not hear testimony pertaining to petitioner use of his employment with Homeland Security to assist an individual to illegally enter this country, in connection with a woman who was assisting the man with his immigration case.

Petitioner claims that the prosecution's allegation that petitioner attempted to get this immigrant into the country in spite of a 1999 criminal prosecution for criminal sexual conduct is false.  Petitioner submits that an April 2, 2012, statement from the Hennepin County Sheriff's Department in Minneapolis, Minnesota, indicates that Mohsin Jaber-Hassoun Al-Uglah, the immigrant, had no arrest history at the Hennepin County Adult Detention Center.[3]

Conclusory allegations of perjury in a habeas corpus petition must be corroborated by some factual evidence. *Barnett v. United States*, 439 F.2d 801, 802 (6th Cir.1971).  Petitioner's evidence from thirteen years after the alleged prosecution for criminal sexual conduct consists of a statement that Mr. Al-Uglah had no arrest history in Hennepin County.  Such evidence thirteen years after

---

[3] *See* Exhibit A, Petitioner's Reply Brief.

the fact is hardly compelling evidence to rebut the prosecution's assertion that Mr. Al-Uglah was prosecuted in 1999 for criminal sexual conduct. At the very least, petitioner has failed to show that the proposed evidence would be "indisputably false," to be entitled to habeas relief on his perjury claim. *See Rosencrantz v. Lafler,* 568 F.3d 577, 586 (6th Cir. 2009). Petitioner is not entitled to relief on his first claim.

### B. Claim # 2. The right to testify claim.

Petitioner's claim that the trial court's decision to allow the evidence of his improper use of his position at Homeland Security to be used for impeachment purposes chilled his right to testify is unpreserved, because petitioner failed to testify at trial. Initially, a habeas petitioner's claim that his right to testify was abridged is not cognizable on federal habeas review, if he did not testify at his trial. *See Taus v. Senkowski*, 293 F. Supp. 2d 238, 249 (E.D. N.Y., 2003)(citing *Luce v. United States*, 469 U.S. 38, 43 (1984)). *Accord Davis v. Booker*, 2006 WL 2990344 (E.D. Mich. 2006); *Turner v. Curtin*, 2011 WL 740753 (E.D. Mich. 2011).

In *Luce v. United States*, 469 U.S. 38, 42-43 (1984), the United States Supreme Court held that to raise and preserve for review a claim of improper impeachment of a defendant, the defendant must testify. The Supreme Court concluded that any possible harm flowing from a trial court's *in limine* ruling permitting the impeachment of a defendant is wholly speculative where the

8

defendant does not testify. *Id.* at 42.  The Supreme Court further noted that when a defendant does not testify, the reviewing court has no way of knowing whether the prosecution would have sought to impeach the defendant. *Id.*  In addition, "[B]ecause an accused's decision whether to testify "seldom turns on the resolution of one factor," a reviewing court should not assume that the trial court's adverse ruling motivated a defendant's decision not to testify. *Id.* (quoting *New Jersey v. Portash*, 440 U.S. 450, 467 (1979)(Blackmun, J., dissenting). Finally, the Supreme Court noted that a defendant's failure to take the stand makes it difficult to conduct a harmless error analysis. *Id.*  The Supreme Court further indicated that a defendant's proffer of testimony would be insufficient to preserve the issue for appellate review because a defendant's "trial testimony could, for any number of reasons, differ from the proffer." *Id.* at 41 n. 5.

      This rule has been extended to state court evidentiary rulings where the petitioner chose not to testify. *See, e.g., Zueski v. Grayson*, 81 F. App'x 849, 850 (6th Cir. 2003); *Hall v. Grant*, No. 84–1531, 1985 WL 13926 *3 (6th Cir. Nov. 20, 1985); *Turner v. Curtin*, No. 2:07–CV–12739, 2011 WL 740753, *5 (E.D. Mich. Feb. 24, 2011)(citing cases).  Therefore, the *Luce* rule applies to claims by petitioner that his right to testify was chilled by the trial court's evidentiary ruling, thereby violating his Fifth Amendment right to testify on his own behalf. *See Mouzon v. Marshall*, No. 95–16076, 1997 WL 75557, at *2 (9th Cir. Feb. 18, 1997)(memorandum); *Hall v. Grant*, No. 84–1531, 1985 WL 13926, at *3 (6th

Cir. Nov. 20, 1985)(*per curiam*).

Here, petitioner was not prevented from testifying. Petitioner is not entitled to habeas relief on his second claim because his constitutional right to testify was not violated by a ruling that deterred him from taking the stand, where it did not prevent him from testifying. *Ohler v. United States*, 529 U.S. 753, 759 (2000). Because the state court adjudication did not result in a decision that was not contrary to, and did not involve an unreasonable application of clearly established Federal law, petitioner is not entitled to habeas relief.

An appeal may not be taken from the final order of a district court pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(A). In order to issue a certificate of appealability, the district court must find that petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

The Court's belief in the correctness of its decision should not insulate that decision from further review. *Hargrave v. McKee*, 2005 WL 1028183, *1 (E.D. Mich. April 25, 2005)(citing *Taylor v. Howes*, 26 F. App'x 397, 399 (6th Cir.2001)). "[B]ecause the Court is not infallible and does not believe that its decision should

10

be insulated from further review, the Court finds that reasonable jurists could find it debatable whether petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Id.* (citing § 2253(c)(2)).

Therefore, the Court certifies the following issues for appeal:

I. Prosecutor Trzcinski committed prosecutorial misconduct by presenting false evidence to the court during a pre-trial hearing. The court's ruling as a result of the testimony hindered Defendant's ability to testify.

II. The trial court's ruling consequently prevented the defendant/petitioner from testifying in his trial, which violated his Fifth, Sixth, and Fourteenth amendment rights.

## IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Davis is not entitled to federal-habeas relief on the claims presented in his petition.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**. (Dkt. # 1.)

**IT IS FURTHER ORDERED** that the Court issue petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

                                              s/Arthur J. Tarnow
                                              **HON. ARTHUR J. TARNOW**
                                              SENIOR UNITED STATES DISTRICT JUDGE
DATED: August 16, 2018