UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN DAVIS,

    Petitioner,                      Case Number 2:13-CV-11303
                                               Honorable Arthur J. Tarnow

v.

JEFFREY LARSON,

    Respondent.
_____/

**<u>OPINION AND ORDER: (1) GRANTING MOTION TO REOPEN THE CASE TO THE COURT'S ACTIVE DOCKET AND (2) TRANSFERRING SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT</u>**

    Petitioner, through his attorney Danien C. Woodson, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for unlawful imprisonment, felonious assault, and felony-firearm. The petition was denied on the merits. *Davis v. Larson*, No. 2:13-CV-11303, 2018 WL 3914691 (E.D. Mich. Aug. 16, 2018), *aff'd,* 769 F. App'x 233 (6th Cir. 2019).

    Petitioner filed a new habeas petition, contending that he has newly discovered evidence in support of the claim that he raised in his earlier petition that the prosecutor presented false evidence at a pre-trial hearing. Petitioner seeks to reopen his case and vacate the original judgment. The motion to reopen is GRANTED.

The Clerk of the Court must reopen the case to the Court's active docket for the purpose of facilitating the adjudication of petitioner's motion. *See Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629, at *1 (E.D. Mich. Jan. 15, 2016). The Clerk of the Court is directed to reopen the case to the Court's active docket.

Petitioner already filed a prior petition for a writ of habeas corpus challenging his judgment of sentence and incarceration.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or

2

successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); *see also Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 825-26 (E.D. Mich. 2004).

Petitioner's request to reopen or to reinstate his habeas petition is an attempt to file a second or successive habeas petition because the petition seeks to re-litigate a claim that he previously raised in his prior habeas petition. *See In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005).  Although petitioner claims he has new evidence in support of his false evidence claim, petitioner's presentation of new evidence in support of the previously denied claim constitutes a successive habeas petition, for purposes § 2244(b)(3)(A). *Id.* at 439-40 (district court properly construed habeas petitioner's Rule 60(b) motion, which sought to introduce new evidence in support of his previously adjudicated ineffective assistance of counsel claim, as a second or successive habeas petition).  Petitioner's current petition and the newly discovered evidence that he attached "is simply a new variation on an old claim that he raised in his first petition" for purposes of § 2244(b)(3)(A). See *Franklin v. Jenkins*, 839 F.3d 465, 476 (6th Cir. 2016).

3

The present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3); the case is transferred to the United States Court of Appeals for the Sixth Circuit, so that petitioner may obtain permission to file a successive petition for a writ of habeas corpus.

The Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

## ORDER

Accordingly, it is **ORDERED** that the Clerk shall transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

                                                _s/Arthur J. Tarnow_____
                                                Arthur J. Tarnow
                                                United States District Judge

Dated: August 25, 2021