UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ALVIN DAVIS**, <br><br> Petitioner, <br><br> vs. <br><br> **JEFFREY LARSON**, <br><br> Respondent. | 2:13-CV-11303 <br><br> ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, AND (2) DENYING THE MOTION FOR RELIEF FROM JUDGMENT |

Before the Court is petitioner's Rule 60(b) motion for relief from judgment. For the reasons that follow, the Court orders the case reopened to the Court's active docket. The motion for relief from judgment is **DENIED**.

Petitioner, through his counsel Danien C. Woodson, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for unlawful imprisonment, felonious assault, and felony-firearm. The petition was denied on the merits by this Court's predecessor Judge Arthur J Tarnow. *Davis v. Larson*, No. 2:13-CV-11303, 2018 WL 3914691 (E.D. Mich. Aug. 16, 2018), *aff'd,* 769 F. App'x 233 (6th Cir. 2019).

1

Petitioner subsequently filed a new habeas petition, alleging that he had newly discovered evidence in support of the claim that he raised in his earlier petition that the prosecutor presented false evidence at a pre-trial hearing that the trial judge relied on to make an evidentiary ruling concerning rebuttal evidence, which ultimately limited petitioner's ability to testify.  Specifically, petitioner claims that the prosecutor falsely asserted to the trial judge that petitioner abused his position as a Customs officer to allow Mohsin Al-Uglah, an alleged child molester, to enter the United States.  Petitioner in his new petition claimed he had conclusive evidence to show that Mr. Al-Uglah did not have any prior criminal convictions.

Judge Tarnow concluded that petitioner's new habeas petition constituted a successive habeas petition within the meaning of 28 U.S.C. § 2244(b)(3)(A) and transferred the new petition to the United States Court of Appeals for the Sixth Circuit for a determination of whether petitioner should be permitted to file a successive petition. *Davis v. Larson*, No. 2:13-CV-11303, 2021 WL 4053178 (E.D. Mich. Aug. 25, 2021).

The Sixth Circuit denied petitioner permission to file a successive habeas petition because he was no longer in custody for his convictions

because petitioner had been discharged from his sentence. *In Re Davis,* U.S.C.A. No. 21-2867 (6th Cir. Jan. 18, 2022)(ECF No. 28).

Petitioner has now filed a Rule 60(b) motion for relief from judgment, in which he again seeks to reopen his case and obtain habeas relief based on his claim that he has the same newly discovered evidence that Mr. Al-Uglah does not have any prior criminal convictions, particularly any criminal sexual conduct convictions.

Petitioner seeks to reopen his case and vacate the original judgment. The Clerk of the Court must reopen the case to the Court's active docket for the purpose of facilitating the adjudication of petitioner's motion. *See Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629, at *1 (E.D. Mich. Jan. 15, 2016).

The Court lacks the power to grant petitioner's Rule 60(b) motion for relief from judgment; the claim he raises amounts to a successive habeas petition, which he has already been denied permission to file by the Sixth Circuit.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A);

*Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Petitioner in this case has already been denied permission to file a successive habeas petition by the Sixth Circuit because he is no longer in custody for his conviction.

To the extent that petitioner seeks authorization from this Court to file a successive habeas petition, any motion to authorize a second habeas

petition is not properly before this Court. This Court lacks jurisdiction to entertain a § 2244 motion. *See Riggleman v. W. Virginia Dep't of Corr.*, 174 F. App'x 168, 169, n. 1 (4th Cir. 2006).

To the extent that petitioner challenges the Sixth Circuit's prior decision to deny him permission to file a successive habeas petition, this Court lacks the power to alter the Sixth Circuit's decision. A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for a writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. *See White v. Carter,* 27 F. App'x 312, 313-14 (6th Cir. 2001). This is consistent with 28 U.S.C. § 2244(b)(3)(E), which states that the grant or denial of an authorization to file a second or successive habeas corpus petition "shall not be appealable." Further, it shall not be subject for a petition for a rehearing or for a petition for a writ of certiorari. *In Re King*, 190 F.3d 479, 480-481 (6th Cir. 1999).

Accordingly, **IT IS HEREBY ORDERED** that the Rule 60(b) motion for relief from judgment (ECF No. 29) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 28, 2022

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE